**INDIANA LIMESTONE CO., Inc. et al. v. SMITH.**

**Civ. No. 1614.**

United States District Court
S. D. Indiana, Indianapolis Division.

Aug. 3, 1949.

Albert Ward and Palmer K. Ward, Indianapolis, Indiana, for plaintiffs.

B. Howard Caughran, Indianapolis, Indiana, for defendant.

BALTZELL, District Judge.

Pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court now states its Special Findings of Fact (hereby adopting the Stipulation of the parties as part of such Special Findings of Fact), as follows:

### Stipulation.

It is hereby stipulated by and between the parties to this litigation that for the purpose of this action, the following facts are true and that when this stipulation, or when any part thereof is introduced in evidence, it shall have the same force and effect as though said facts had been proved by competent evidence. This stipulation is, however, made subject to the following conditions and agreements:

(a) Any party hereto shall have the right to object to any part of this stipulation on any ground other than that such portion so objected to has not been proved by the best evidence, or, in case of a written instrument, that the original thereof has not been produced or offered.

(b) Any party hereto shall have the right to offer additional evidence deemed material to such offering parties cause of action or defense, or any evidence supplementing or explaining any of the stipulated facts so long as not contradictory of any stipulated fact.

### Stipulated Facts.

1. At the time of the commencement of this action, the plaintiffs, Indiana Lime-

stone Company, Inc., and Ilco Ordnance Corporations were, and are now, both corporations duly organized and existing under the laws of the State of Indiana, having their general office and principal place of business in the City of Bedford, in Lawrence County, State of Indiana, and were at said time and are citizens of the State of Indiana.

2. The defendant, Will H. Smith, individually, and as the former Collector of Internal Revenue for the District of Indiana, at the time of the commencement of this action, was, and is now, a citizen and resident of Indianapolis, in Marion County, State of Indiana, and from July 1, 1933 until October 31, 1945, he was the duly appointed, qualified and acting Collector of Internal Revenue for the Treasury Department of the United States of America for the Collection District of Indiana, which Collection District has at all times had its office in the City of Indianapolis, Marion County, Indiana, within the jurisdiction of this Court.

3. Jurisdiction of this cause of action is conferred upon this Court and authorized by Title 28 U.S.C.A. § 41, Clauses (5) and (20) [now §§ 1346, 2401, 2402].

4. This action arises under Sections 600 to 605, inclusive, of the Internal Revenue Code, Title 26 of the U.S.C.A. §§ 600–605, relating to Declared Value Excess-Profits taxes as the same existed during the year 1943, and is further based upon Sections 3771 and 3772 of Title 26 U.S.C.A., relating to the recovery of taxes and interest which taxes plaintiffs claim were erroneously and illegally assessed and collected by said defendant while he was acting as such Collector for the District of Indiana.

5. The Declared Value Excess-Profits Tax which plaintiffs seek to recover herein arose out of a transaction involving Ilco Ordnance Corporation and Indiana Limestone Corporation, the predecessor in interest of the plaintiff, Indiana Limestone Company, Inc., and Defense Plant Corporation wherein certain real estate and buildings, known generally as the Salem and Walters mills, were transferred and conveyed by the Indiana Limestone Cor-

poration to said Ilco Ordnance Corporation on April 1, 1942, by a deed of conveyance, a true copy of which is identified as plaintiffs' Exhibit C; on July 22, 1942, Ilco Ordnance Corporation executed and delivered a deed of conveyance for the same property to Indiana Limestone Corporation, a true copy of such deed being identified as plaintiffs' Exhibit D; on February 23, 1943, Indiana Limestone Corporation executed and delivered a deed of conveyance for the Salem and Walters mills to Defense Plant Corporation, a true copy of such deed being identified as plaintiffs' Exhibit E; each of said Exhibits is made a part of this Stipulation as fully as if set out herein or attached hereto.

6. That the Revenue Department of the United States, and the defendant, while he was collector as aforesaid, claimed and asserted that the profit on this sale and transaction, which was $134,713.75, should have been included in the net income of Ilco Ordnance Corporation for declared value excess-profits tax purposes, rather than in the income of the Indiana Limestone Corporation, for said fiscal year which ended on November 30, 1943; such item and amount was treated by plaintiffs as income to Indiana Limestone Corporation, and was included in its income, in Schedule D, within its consolidated return with Ilco Ordnance Corporation for said fiscal year; a certified photostat of such consolidated return is attached hereto and made a part hereof and identified as Joint Exhibit One; in said Schedule D the amount of such profit was reported as $109,873.52, but the correct amount was later determined by revenue agents' examination to be $134,-713.75.

7. The increase in such alleged tax resulting from the method used by the defendant in the collection thereof, was included in the deficiency of $22,781.91 as determined by the Commissioner, and on September 28, 1944, the collector made a summary demand on the plaintiffs for immediate payment of said amount and such payment was made promptly. The statutory notice of deficiency was issued on October 18, 1944.

8. If the plaintiffs are entitled to recover against the defendants, they should recover interest according to law.

9. On the 7th day of April, 1944, the Indiana Limestone Corporation filed its verified petition in this court praying for a reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.; proceedings were had thereon by said court which resulted in the appointment of Albert Ward, as trustee of said Indiana Limestone Corporation, in said reorganization proceedings, under cause known as No. 9413 in this court, such appointment having been made on the 21st day of April, 1944, and said Ward qualified as such trustee and acted as such in said reorganization proceeding until his final discharge on the 23d day of October, 1945.

10. That while said proceedings in reorganization were thus pending in this court, the said Ward, on August 26, 1944, as said trustee, filed his verified petition in said court wherein he alleged and tendered the issue that when said transfers and conveyances were made between the Ilco Ordnance Corporation and Indiana Limestone Corporation as aforesaid, the Ilco Ordnance Corporation was a wholly owned subsidiary of the Indiana Limestone Corporation, which owned all of its capital stock, and that Ilco Ordnance Corporation was merely an agency or instrumentality used by the Indiana Limestone Corporation for conducting and carrying on certain operations and business of the Indiana Limestone Corporation; that due and legal notice of the filing of the petition under Chapter X on April 7, 1944 and the pendency thereof, was given to the Commissioner of Internal Revenue, and to the Secretary of the Treasury of the United States, and to the defendant herein as collector of the Indiana District; that a hearing was had by the court on said petition of the trustee, upon issues properly joined therein by the parties who desired to file pleadings in relation to the same, and on the 31st day of October, 1944, said court made and entered its findings, conclusions and judgment on the issues so tendered in said proceedings, a copy of which is marked Exhibit A. That said order and judgment of said court was not appealed from, nor has it ever been vacated or set aside, but the same has at all times ever since said time been and now is in full force and effect; a copy thereof was mailed by the Clerk of this court to the Commissioner of Internal Revenue, Washington, D. C., and the Secretary of the Treasury, Washington, D. C., on October 31, 1944.

11. That the plaintiffs have joined in this action because they assert a right to relief in the alternative in respect of and arising out of the same transaction, occurence and series of transactions, and the questions of law and fact are common to both of them.

12. That on the 20th day of December, 1944, said Ilco Ordnance Corporation duly and properly filed a claim for refund of said amount of $17,782.22, and statutory interest thereon, a certified copy of such claim being attached to plaintiff's complaint, marked Exhibit A and made a part thereof; that said claim and demand for such refund was duly filed with the Commissioner according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof, and said claim and demand were informally denied and such refund refused on the 11th day of July 1947, and more than six months elapsed after the filing of said claim and demand before this action was filed. The claim was finally rejected and denied by the Treasury Department on October 1, 1947.

13. That in the said reorganization proceedings of Indiana Limestone Corporation referred to in paragraph 10 hereof, the plaintiff herein, Indiana Limestone Company, Inc. was, by proper orders of said court in said proceeding, vested with and it became the owner of all of the assets of Indiana Limestone Corporation aforesaid, and proper deeds, bills of sale and other instruments approved by the Court were duly executed and delivered, which were necessary to transfer and convey to said Indiana Limestone Company, Inc., all the property, assets and business of the

said Indiana Limestone Corporation, and Albert Ward as Trustee thereof, in said proceedings.

In addition to the above and foregoing Stipulation the Court further finds the facts to be:

## Finding A.

That the transfer and conveyance by Indiana Limestone Corporation to Ilco Ordnance Corporation of the property known generally as the Salem and Walters mills, by deed of conveyance dated April 1, 1942, and the transfer and conveyance of the mills by Ilco Ordnance Corporation to Indiana Limestone Corporation, by deed of conveyance dated July 22, 1942, and the transfer and conveyance of the mills by Indiana Limestone Corporation to Defense Plant Corporation, by deed of conveyance dated February 23, 1943, were not made for the purpose of evading or avoiding any taxes.

## Finding B.

That Ilco Ordnance Corporation was a separate taxable entity, and was not a mere agency or instrumentality of its parent, Indiana Limestone Corporation.

## Finding C.

That during the time that the mills were owned by Ilco Ordnance Corporation some negotiations were carried on for their sale to Defense Plant Corporation; that at the time of the transfer and conveyance of the mills to Indiana Limestone Corporation, on July 22, 1942, these negotiations had not reached a point where the sale to Defense Plant Corporation was assured or even substantially assured; that on that date there was no sale contract, nor was there any understanding on the part of Ilco Ordnance Corporation or Indiana Limestone Corporation or Defense Plant Corporation that the mills would subsequently be conveyed to Defense Plant Corporation; that after the mills were conveyed to In-diana Limestone Corporation, that corporation negotiated for the sale of the property to Defense Plant Corporation; that these negotiations were carried on by Indiana Limestone Corporation voluntarily and without prior obligation; that the sale to Defense Plant Corporation was not consummated until seven months after the transfer to Indiana Limestone Corporation.

## Finding D.

That the gain of $134,713.75 which was realized by Indiana Limestone Corporation from the sale of the mills to Defense Plant Corporation was properly accounted for and included by Indiana Limestone Corporation in Schedule D of the consolidated return made by that corporation, and such profits were correctly and properly reported as profits to the Indiana Limestone Corporation; that the defendants erroneously included the profits of the sale as part of the profits of Ilco Ordnance Corporation, and erroneously assessed and collected from Albert Ward, as trustee of the Indiana Limestone Corporation, the principle sum of $17,782.22 as tax on such profits.

## Finding E.

That the plaintiff, Indiana Limestone Company, Inc., is the successor in interest to all the rights, property and assets of Indiana Limestone Corporation and Ilco Ordnance Corporation, including the right to recover the tax erroneously assessed and collected as set out in Finding D.

## Conclusions of Law.

Upon the above and foregoing Special Findings of Fact, the Court now states its Conclusions of Law, as follows:

I. That the law is with the plaintiffs and against the defendants; that the plaintiff, Indiana Limestone Company, Inc., shall recover the sum of $17,782.22, with interest from October 4, 1944, and costs as provided by law.